[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #105 AND OBJECTION #107
Defendant moves to strike all counts of plaintiff's revised complaint. Among its reasons are the following:
(a) That allegations of delay in paying Workers' Compensation benefits are barred by exclusivity of the remedies of the Workers' Compensation Act. CT Page 6084
(b) That the plaintiff has not subsequently alleged that the Workers' Compensation Commissioner made a determination of liability and an award to the plaintiff.
The Court grants the motion to strike for the following reasons:
(a) the plaintiff argues facts in his brief with greater specificity than in his complaint. He states in the brief that he was injured while working at Naugatuck High School. Yet the complaint states that he was "walking through a section of hallway" without stating where that hallway was and whether on Board of Education property. That is not a matter to be left to inference. Further, the brief makes reference to "Sherwood's loading dock" while the complaint does not.
(b) the defendant's failure to pay benefits pursuant to its objection must be addressed through the applicable remedy provision of the Workers' Compensation Act.
(c) the plaintiff does not plead sufficient facts as to whether or not the commissioner determined liability, found the plaintiff entitled to an award, and whether the commissioner was presented with the issue of unpaid benefits as a result of a July 4th job search.
The plaintiff argues that the injuries specified in the complaint arose from conduct "outside of the Workers' Compensation law" (brief Part B). However, the gravamen of the complaint is founded upon CIRMA's obligations as the Workers' Compensation carrier. The allegations, as plead, are not legally sufficient to cast the case outside the provisions of the Workers Compensation Act.
Accordingly, the motion to strike the complaint is granted.
SANDRA VILARDI LEHENY, J.